JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0851 AG (FMOx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | GRANT DUNNING et al. v. WACHOVIA MORTAGE, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE FOR LACK OF JURISDICTION

On April 24, 2012, Plaintiffs filed a state court Complaint ("Complaint") against Defendants Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo") and NDEX West, LLC. ("NDEX") (collectively, "Defendants"). The Complaint alleges promissory estoppel and violation of California's Business and Professions Code § 17200, *et seq.* The Complaint was served on April 27, 2012. (Notice of Removal, Ex. B.) On May 17, 2012, NDEX filed a Declaration of Non-Monetary Status.

On May 29, 2012 Wells Fargo filed a Notice of Removal ("Notice"). Because Monday May 28, 2012 was a court holiday, the Notice was timely filed within the 30-day window after service of the complaint. *See* 28 U.S.C. § 1446(b) (allowing 30 days from service of complaint to remove).

In the Notice, Wells Fargo claims that removal is proper under 28 U.S.C. § 1331 (original federal question jurisdiction), and 28 U.S.C. § 1332 (diversity jurisdiction). But the Notice does not provide sufficient grounds for federal jurisdiction on either ground. The Court REMANDS this case back to state court.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0851 AG (FMOx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | GRANT DUNNING et al. v. WACHOVIA MORTAGE, et al. | | |

**LEGAL STANDARD**

Removal to federal court is governed by 28 U.S.C. § 1441. Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

**ANALYSIS**

Wells Fargo claims that removal is proper under 28 U.S.C. § 1331 (original federal question jurisdiction), and 28 U.S.C. § 1332 (diversity). The Court begins its analysis with subject matter jurisdiction.

**1.    SUBJECT MATTER JURISDICTION**

Wells Fargo claims that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' state court Complaint is based on the federal Home Affordable Modification Program ("HAMP"). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising under federal law."

Under the "well-pleaded complaint rule, . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). A "federal issue" is not "a password opening federal courts to any state action embracing a

JS - 6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0851 AG (FMOx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | GRANT DUNNING et al. v. WACHOVIA MORTAGE, et al. | | |

point of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Here, Plaintiffs do not even mention HAMP in their Complaint. At most, Plaintiffs allege that the same deficiencies that gave rise to their claims also gave rise to Wachovia's Consent Order with the Comptroller of the Currency. (Compl. ¶ 7.) That Consent Order, which was attached to the Complaint, mandates, among other things, compliance "with the requirements of the HAMP . . . ." (Compl., Ex. A., p. 6.)

The mere existence of this tangential issue of federal law does not confer subject matter jurisdiction under Section 1331. *See Merrell Dow*, 478 U.S. at 813. Indeed, the fact that there is no private right of action under HAMP indicates that Congress did *not* intend to confer federal jurisdiction over state law claims based on HAMP violations. *See Garnett v. Aurora Loan Services, LLC*, 2012 WL 1440920, at *2 (C.D. Cal. Apr. 25, 2012). In *Merrell Dow*, the Supreme Court stated that

> the ultimate import [of the absence of a private right of action in a federal statute], as we have repeatedly emphasized, is that it would flout congressional intent to provide a federal remedy for the violation of the federal statute. We think it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law.

*Merrell Dow*, 478 U.S. at 813.

Wells Fargo admits that "[a] small minority of cases outside California" do not find that

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0851 AG (FMOx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | GRANT DUNNING et al. v. WACHOVIA MORTAGE, et al. | | |

federal question jurisdiction exists in HAMP-related cases. (Notice, p.6, n.2.) But it insists that this case is different because Plaintiffs' complaint "center[s] on allegations" that Wachovia did not comply with HAMP. (*Id.*)

Both of Wells Fargo's assertions are misleading. First, Wells Fargo fails to point out that numerous courts *in this Circuit* have held that "no federal question is presented simply because some of Plaintiffs' state law claims may incorporate or turn upon allegations of HAMP violations." *Garnett*, 2012 WL 1440920, at *2; *see e.g.*, *Sanany v. Wachovia Bank*, 2012 U.S. Dist. LEXIS 8537, *3 (E.D. Cal. Jan. 24, 2012); *Preciado v. Ocwen Loan Servicing*, 2011 U .S. Dist. LEXIS 32279, at *4 (C.D. Cal. Mar. 18, 2011); *Carlos*, 2011 U.S. Dist. LEXIS 6211, at *3 (C.D. Cal. Jan. 13, 2011). Second, Plaintiff's Complaint can hardly be said to "center on" HAMP when the Complaint makes no mention of that statute. While Plaintiffs do reference the Consent Decree, which in turn makes a passing reference to HAMP, they cite it only as an example of Wachovia's pattern of deficient behavior, not as the linchpin of their specific allegations.

Because this case does not "aris[e] under" federal law, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

**2.     DIVERSITY JURISDICTION**

Wells Fargo also claims that this Court has diversity jurisdiction over this action. Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978)).

Here, Plaintiff is a citizen of California. To establish complete diversity, both Defendants

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0851 AG (FMOx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | GRANT DUNNING et al. v. WACHOVIA MORTAGE, et al. | | |

must be citizens of other states. The Court begins its analysis by examining the citizenship of NDEX.

    2.1    Citizenship of NDEX

Plaintiff's Complaint alleges that NDEX does business in California. But that is not the test for citizenship of a limited liability corporation ("LLC"). Rather, the citizenship of an LLC is determined by the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP.,* 437 F.3d 894, 899 (9th Cir. 2006).

Wells Fargo informs the Court (without any declarations) that NDEX is owned by a limited partnership ("LP") called National Default Exchange Holdings, LP ("NDEX Holdings"). The citizenship of an LP, like that of an LLC, is determined by the citizenship of its partners. *Id.* Wells Fargo states that the general partner of NDEX Holdings is a company incorporated in Delaware and headquartered in Texas. That information is not sufficient to determine the general partner's corporate citizenship. A corporation is a citizen of the states where it is incorporated and where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). While a corporation's headquarters are usually its principal place of business, that is not always the case. *See Hertz Corp. v. Friend*, 559 U.S. __, 130 S. Ct. 1181, 1194 (2010) (location of a corporation's headquarters may be the principal place of business "provided that the headquarters is the actual center of direction, control, and coordination"). This Court has no basis for assuming that they are one and the same here. Wells Fargo's showing is also deficient because it does not provide any information about the other members of NDEX Holdings besides the general partner. Thus, Wells Fargo fails in at least two ways to properly establish the citizenship of NDEX Holdings's members.

Further, Wells Fargo states that both NDEX and NDEX Holdings are wholly owned by American Processing Company, LLC ("APC"), which has a single corporate member headquartered in Minnesota and incorporated in Delaware. Its individual members are all citizens of Texas. But again, Wells Fargo fails to state where that corporate member has

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0851 AG (FMOx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | GRANT DUNNING et al. v. WACHOVIA MORTAGE, et al. | | |

its principal place of business. Also, a subsidiary's principal place of business is not automatically determined by the location of its parent. *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp*., 461 F.2d 1140, 1142 (3d Cir. 1972). Here, Wells Fargo provides no information to allow this Court to conclude that the citizenship of NDEX or NDEX Holdings should be determined by their parent corporation.

The Court finds that Wells Fargo fails to establish the citizenship of NDEX.

    2.2    Status of NDEX

Wells Fargo raises a separate argument that NDEX's citizenship is irrelevant because NDEX filed a Declaration of Non-Monetary status. But this argument fails initially simply because of timing. NDEX did not file this declaration until May 17, 2012. Wells Fargo removed on May 29, 2012, which was before the 15 day period for objection had elapsed. A party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection. Cal. Civ. Code § 2924*l*(d), *see also Kang v. Bank of Am. Home Loans Servicing, LP*, No. 09-8890 (C.D. Cal. Jan. 5, 2010) (order denying reconsideration). Thus, NDEX had not yet attained non-monetary status at the time of removal. Federal diversity jurisdiction must exist "as of the time the complaint is filed and removal is effected." *See id*; *see also Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir.1998) (diversity must exist when action is removed).

    2.3    Conclusion

Because the Court cannot determine whether complete diversity existed at the time of removal, Wells Fargo fails to meet its burden to show diversity jurisdiction over this case.

**DISPOSITION**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0851 AG (FMOx) | Date | June 5, 2012 |
|---|---|---|---|
| Title | GRANT DUNNING et al. v. WACHOVIA MORTAGE, et al. | | |

The Notice does not sufficiently establish federal subject matter or diversity jurisdiction over this case.  The Court REMANDS this case back to state court.

                                                                     :   0

Initials of Preparer     lmb